# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Charles M. Williams )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>Experian Information Solutions, Inc. )<br>    *Defendant* )<br>Serve: )<br>    CT Corporation System )<br>    306 West Main Street, Suite 512 )<br>    Frankfort, KY 40601 )<br> )<br>Navy Federal Credit Union )<br>    *Defendant* )<br>Serve: )<br>    Navy Federal Credit Union )<br>    820 Follin Ln SE )<br>    Vienna, VA 22180 )<br> ) | Case No. |

## VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by Plaintiff Charles M. Williams for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the 28 U.S.C. § 1331 and the FCRA, 15 U.S.C. §1681p. Venue is appropriate because most or all of the relevant events set forth below occurred in Hardin County, KY, which is located in this district.

### PARTIES

3. Plaintiff Charles M. Williams is a natural person who resides in Hardin County,

Ky. Mr. Williams is a natural individual person. Mr. Williams is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c) and a "person" within the meaning of the KCPA as defined at KRS 367.110(1).

4. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation whose principal place of business is located at 475 Anton Boulevard Costa Mesa, CA 92626 registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

5. Defendant Navy Federal Credit Union ("Navy FCU") is a federal credit union regulated by the National Credit Union Administration. Navy FCU's main branch is located at 820 Follin Ln SE, Vienna, VA 22180. Navy FCU is a "furnisher" of credit information within the meaning of the FCRA. And Navy FCU is a "person" within the meaning of the KCPA.

## STATEMENT OF FACTS

6. Mr. Williams had a credit card account from Navy FCU and two personal, unsecured loans.

7. Mr. Williams suffered an economic setback and fell behind on his payments to Navy FCU. The credit card and two loans fell into default.

8. After righting his economic ship, Mr. Williams paid off the credit card debt and two loans off in full.

9. Upon reviewing his Experian credit report, Mr. Williams discovered all three loans being misreported on his credit report.

10. The three Navy FCU tradelines were being reported as "Paid. Closed. $13,049 **written off**"; "Paid. Closed. $3,753 **written off**"; and "Paid. Closed. $1,908 **written off**".

11. Reporting the three loans as "written off" is false and inaccurate.

12. According to Experian's official website, "written off" means:

> Charged off and written off mean the same thing. A charged off or written off debt is a debt that has become seriously delinquent, and the lender has given up on being paid. From an accounting standpoint, that means they remove that anticipated income from their accounts receivables ledger and document the loss as "charged off to bad debt" or "written off to bad debt" at that point.

https://www.experian.com/blogs/ask-experian/defining-charged-off-written-off-and-transferred/ (visited Dec. 30, 2019).

13. Consequently, the reporting of the three Navy FCU tradelines as "written off" is false and inaccurate because Mr. Williams paid the three debts off in full.

14. Further, using "paid" in connection with the use of "written off" does not cure the inaccuracy. As further explained on Experian's official website, "A charged off account usually indicates it has been transferred, often with a statement that says, "Transferred to. . . and listing the name of the new debt owner. The fact that it is a charged off account means it would be scored negatively." *Id.* So, use of "paid" in the Navy FCU tradelines could be misconstrued as "paid" by a third-party debt buyer and not by Mr. Williams.

15. Mr. Williams sent multiple dispute letters to Experian disputing the inaccurate Navy FCU tradelines.

16. Experian had an affirmative duty under 15 U.S.C. § 1681i(a)(2) to send Navy FCU prompt notice of Mr. Williams' disputes within five (5) business days of receiving each dispute.

17. Experian complied with its statutory duty and sent Navy FCU notice of Mr. Williams' many disputes.

18. Upon receiving Mr. Williams' disputes from Experian, Navy FCU had an affirmative duty under 15 U.S.C. § 1681s-2(b) to investigate the substance and merits of Mr. Williams' disputes concerning the accuracy of the credit information Navy FCU was furnishing

concerning the three Navy FCU tradelines at issue.

19. Navy FCU failed to conduct a reasonable investigation into Mr. Williams' disputes concerning the negative credit information Navy FCU was furnishing to the CRAs concerning the three Navy FCU tradelines at issue.

20. Navy FCU falsely verified the accuracy of the disputed negative credit information concerning Mr. Williams and the three Navy FCU tradelines at issue. In particular, Navy FCU continued to report the account statuses of the three Navy FCU tradelines at issue as "Paid. Closed. $13,049 **written off**"; "Paid. Closed. $3,753 **written off**"; and "Paid. Closed. $1,908 **written off**".

21. Receipt of Mr. Williams' dispute letters triggered Experian's duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable investigation of Mr. Williams' disputes.

22. Experian failed to conduct a reasonable investigation of Mr. Williams' disputes. After each investigating each dispute, continued to report—to its users and subscribers—the account statuses of the three Navy FCU tradelines at issue as "Paid. Closed. $13,049 **written off**"; "Paid. Closed. $3,753 **written off**"; and "Paid. Closed. $1,908 **written off**".

23. As a result of the inaccurate credit information concerning the three Navy FCU tradeline published by Experian to its users and subscribers, Mr. Williams was denied credit, had to pay more for credit, and experienced a decrease in his credit score.

24. Navy FCU violated the FCRA by failing to conduct a reasonable investigation of Mr. Williams' dispute filed with Experian upon receiving notice of Mr. Williams' dispute from Experian. In particular, the account statuses of the three Navy FCU tradelines at issue continued to be inaccurately reported as "Paid. Closed. $13,049 **written off**"; "Paid. Closed. $3,753 **written off**"; and "Paid. Closed. $1,908 **written off**".

25. Experian violated the FCRA by failing to conduct a reasonable investigation of Mr.

Williams' disputes. In particular, Experian continued to inaccurately report the account statuses of the three Navy FCU tradelines at issue as "Paid. Closed. $13,049 **written off**"; "Paid. Closed. $3,753 **written off**"; and "Paid. Closed. $1,908 **written off**".

## CLAIMS FOR RELIEF:

**I.     Claims against Navy Federal Credit Union**

26.     The foregoing acts and omissions by Navy Federal Credit Union constitute violations of the Fair Credit Reporting Act.

27.     Navy FCU violated 15 U.S.C. § 1681s-2(b). After being informed by Experian that Charles M. Williams disputed the accuracy of the information it was providing concerning Mr. Williams and the three Navy FCU tradelines at issue, Navy FCU willfully failed to conduct a proper investigation of Mr. Williams's dispute filed with the CRAs that Navy FCU was furnishing false negative credit information about Mr. Williams and the three Navy FCU tradelines.

28.     Navy FCU willfully failed to review all relevant information purportedly provided by Experian to Navy FCU in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

29.     Navy FCU willfully failed to direct Experian to delete inaccurate information about Mr. Williams pertaining to the three Navy FCU tradelines as required by 15 U.S.C. §1681s-2(b)(C). In particular, Navy FCU continued to falsely and inaccurately report the account statuses of the three Navy FCU tradelines as "Paid. Closed. $13,049 **written off**"; "Paid. Closed. $3,753 **written off**"; and "Paid. Closed. $1,908 **written off**".

30.     As a result of Navy FCU's failure to conduct a reasonable investigation of Mr. Williams's dispute, Mr. Williams suffered actual damages in the form of a lowered credit score and denial of credit. He also suffered frustration, irritation, and emotional upset and distress

31. Charles M. Williams has a private right of action to assert claims against Navy FCU arising under 15 U.S.C. §1681s-2(b).

32. Navy FCU is liable to Charles M. Williams for the actual damages Mr. Williams has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

33. In the alternative, Navy FCU's conduct, actions and inactions were negligent rendering Navy FCU liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## II.   Claims against Experian Information Solutions, Inc.

34. The foregoing acts and omissions by Experian Information Solutions, Inc. constitute violations of the Fair Credit Reporting Act.

35. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation of Mr. Williams' many disputes concerning the Navy FCU tradelines.

36. As a result of Experian's failure to conduct a reasonable investigation of Mr. Williams' dispute, Experian continued to inaccurately report the account statuses of the three Navy FCU tradelines as "Paid. Closed. $13,049 **written off**"; "Paid. Closed. $3,753 **written off**"; and "Paid. Closed. $1,908 **written off**". Further, Experian published this false and inaccurate credit information to its users and subscribers. Mr. Williams suffered actual damages in the form of a lowered credit score and denial of credit. Mr. Williams also suffered frustration, irritation, and emotional upset and distress.

-7-

37.	Experian's conduct, actions and inactions were willful, rendering Experian liable to Mr. Williams under 15 U.S.C. § 1681n for actual damages, statutory damages, punitive damages, attorney's fees and costs.

38.	In the alternative, Experian's conduct, actions and inactions were negligent rendering Experian liable to Mr. Williams under 15 U.S.C. § 1681o for actual damages, attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Charles M. Williams requests that the Court grant the following relief:

1.	Award Plaintiff actual damages;

2.	Award Plaintiff statutory damages;

3.	Award Plaintiff punitive damages;

4.	Award Plaintiff reasonable attorney's fees;

5.	 Award Plaintiff costs; and

6.	Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite 5
Louisville, KY 40207
Tel:	(502) 473-6525
Fax:	(502) 473-6561
james@kyconsumerlaw.com